IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**CHAD ALEXANDER**,

    Plaintiff,

v.                                        No. 12cv0284 MCA/ACT

**POST OFFICE**,

    Defendant.

**MEMORANDUM OPINION AND ORDER DISMISSING COMPLAINT**

**THIS MATTER** comes before the Court on pro-se Plaintiff Chad Alexander's Application to Proceed in District Court Without Prepayment of Costs and Fees, filed March 21, 2012, *see* Doc. 3 (hereinafter called "motion to proceed IFP"), and his Complaint against the "post office," *see* Doc. 1. Before ruling on the motion to proceed IFP, the Court must "review the affidavit and screen [Mr. Alexander's] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005). Because Mr. Alexander fails to state facts invoking the subject-matter jurisdiction of this Court, and because he has also failed to demonstrate indigency, the Court will deny his motion to proceed IFP and dismiss his Complaint for lack of subject-matter jurisdiction.

**I.**     **Applicable legal standards.**

Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312. A party wishing to proceed IFP must demonstrate that he "cannot because of his

poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). But even if a plaintiff is indigent, if a complaint that a plaintiff seeks to file without prepaying filing fees fails to invoke the Court's subject-matter jurisdiction or fails to state a claim on which relief may be granted, the case must be dismissed. *See* § 1915(e)(2)(B)(ii); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n. 5 (10th Cir. 2006) (noting that dismissal is now mandatory). In reviewing the Complaint, the Court "will not supply additional facts, [or] construct a legal theory for [a] plaintiff that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

"Federal courts are courts of limited jurisdiction, and the presumption is that they lack jurisdiction unless and until a plaintiff pleads sufficient facts to establish it." *Celli v. Shoell*, 40 F.3d 324, 327 (10th Cir. 1994). "[T]he party pleading jurisdiction must allege in his pleading the facts essential to show jurisdiction." *Id.* (internal quotation marks omitted). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." FED. R. CIV. P. 12(h)(3).

## II.  Alexander has failed to show indigency.

Alexander, who has no dependents, receives $2600/month in VA disability benefits. *See* Doc. 3 at 2. He claims rent and utility expenses of $1400/month, *id.* at 4, but the Court takes judicial notice that four months ago, he claimed to spend only $800/month on rent and utilities while living at the same address. *See Alexander v. F.B.I.*, No. 11cv985 JB/WDS, Doc. 2 at 4 (D.N.M. Nov. 4, 2011). While Alexander previously swore that he spends $300/month for food, *see id.*, he now claims he spends nothing, but he states he now spends $200/month on clothing even though he is not employed. *See* Doc. 3 at 4. He claims to spend $250/month on a bus pass, *see id.*, but the Court

takes notice that a monthly bus pass for unlimited rides in Albuquerque is only $30, and that a yearly pass is only $225.  *See* http://www.cabq.gov/transit/fares.  While Mr. Alexander formerly stated that he had $1000 in the bank and $1000 in cash, *see*  No. 11cv985 JB/WDS, Doc. 2 at 2, he now fails to list his banking and savings accounts in the assets column of his application and lists only a Scottrade account with $3.  *See* Doc. 2 at 2.  He has no debts.  *See id.* at 4.  Under these facts, Mr. Alexander has failed to show that he cannot pay both for filing fees and for the necessities of life.  *See Adkins*, 335 U.S. at 339.  But even if Mr. Alexander was indigent, the Court must deny permission to proceed IFP and dismiss his case because he has not stated sufficient facts to invoke the subject-matter jurisdiction of this Court.

**III.    Mr. Alexander has failed to invoke the Court's subject-matter jurisdiction**.

In his previous suit brought against FBI agents, using a form complaint for actions brought under 42 U.S.C. § 1983, Mr. Alexander alleged that "unnamed personnel from the F.B.I. 'detained me and put me in the V.A. medical center' because they were 'motivated by my phone calls to my step-father's employer, requesting that he be drug tested.'"  *Alexander v. F.B.I.*, No. 11cv985 JB/WDS, Doc. 5 at 2-3 (D.N.M. Nov. 30, 2011).  Magistrate Judge W. Daniel Schneider noted that Mr. Alexander's "claims are not cognizable" under § 1983, and that he alleged "that 'none' of his constitutional or civil rights were violated, and he wrote "NA" in the space asking what relief he requests."  *Id.* at 3.  Magistrate Judge Schneider recommended dismissal of Mr. Alexander's Complaint because he alleged only "intentional acts by individual officers that apparently caused him no injury and for which he seeks no damages or other relief;" and that, by failing to allege injury, he also had failed to demonstrate Article III standing and the Court's subject-matter jurisdiction over his claims.  *See id.* at 4.  District Judge James O. Browning adopted Judge

Schneider's Report and Recommendations and dismissed Alexander's Complaint.  *See Alexander v. F.B.I.*, No. 11cv985 JB/WDS, Doc. 6 (D.N.M. Dec. 22, 2011).  The Clerk mailed each of the Court's rulings to Alexander at the address he gave:  3711 Central NE #68, Albuquerque, NM 87108.  *See id.* (Notices of Electronic Filings for documents 5, 6, 7).

Although Mr. Alexander's most recent Complaint is virtually incoherent, the basis of his new Complaint is that "[a]fter not receiving a court date [for his November 2011 suit against the FBI] in the mail I am now filing a complaint directed at the Post Office."  Compl. at 2.  Mr. Alexander describes his review of Judge Schneider's report and recommendation, *see id.*, and notes that "the case was dismissed[,] the case was not appealed[,] the case is not pending," *id.* at 4, so the post office clearly delivered the Court's rulings to him.  Mr. Alexander does not list what cause of action he is now attempting to assert, *see id.* at 3 (making nonsensical comments about damages), but in the section asking him to list the facts supporting his claim, Mr. Alexander states, "I did not receive court date via the post.  I did not know when to appear in court." *Id.*  Of course, Mr. Alexander did not receive a court date because his case was dismissed.  Once again, Mr. Alexander has failed to allege any facts invoking this Court's subject-matter jurisdiction.

The Court must dismiss a case at any time if it determines that it "lacks subject-matter jurisdiction."  FED. R. CIV. P. 12(h)(3); *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) ("A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking. . . . If the parties do not raise the question of lack of jurisdiction, it is the duty of the federal court to determine the matter *sua sponte*.  Therefore, lack of jurisdiction cannot be waived and jurisdiction cannot be conferred upon a federal court by consent, inaction or stipulation.") (internal citations omitted).

Mr. Alexander is warned that if he continues to waste this Court's time with attempting to file nonsensical and baseless complaints, the Court will impose filing restrictions against him.

**IT IS ORDERED** that Mr. Alexander's motion to proceed IFP [Doc. 3] is DENIED and his Complaint is DISMISSED without prejudice for lack of subject-matter jurisdiction.

**SO ORDERED** this 29th day of March, 2012, in Albuquerque, New Mexico.

                                        **M. CHRISTINA ARMIJO**
                                        United States District Judge